## STATE ex DOHING v SCHROEDER et

Ohio Appeals, 6th Dist, Lucas Co

No 2811.   Decided Dec 4, 1933

W. S. Thurstin, Toledo, for plaintiff in error.

J. I. O'Connor, Director of Law, Toledo, and Gerald P. Openlander, Assistant Director of Law, Toledo, for defendants in error.

## OPINION
By RICHARDS, J.

This proceeding in error grows out of a mandamus action commenced by this plaintiff in error in the Court of Common Pleas in 1928.  The relator prevailed in the Court of Common Pleas and secured a writ of mandamus in that court awarding him certain compensation and an order that he be restored to the position from which he had been removed. That journal entry, however, contained the following provision:

"The granting of this writ is without prejudice to any rights of the relator to compensation subsequent to the time of trial, to-wit: June 5, 1929."

That judgment was affirmed by this court and later affirmed by the Supreme Court in 123 Oh St, 666, the affirmance in the latter court bearing date of November 19, 1930. Nearly two and a half years thereafter, on April 15, 1933, the relator filed a motion in the Court of Common Pleas for leave to file a supplemental petition.  The matter was heard in that court, the journal entry thereof reciting that the motion "was submitted to the court, and the court upon consideration whereof, find that said motion is not well taken and that it should be and hereby is overruled."  To this refusal, exceptions were taken and the present petition in error filed in this court.

The record shows that the reservation in the judgment reads that it was "without prejudice to any rights of the relator to compensation subsequent to the time of trial."  It did not continue the case nor directly retain jurisdiction thereof for the purpose of determining what compensation, if any, the relator would be entitled to after the rendition of the judgment.  There is no bill of exceptions and from the language of the journal entry we are not advised as to what moved the court to refuse the motion for leave to file a supplemental petition.  It can not, of course, be assumed that in so refusing he abused his discretion.

Whether plaintiff in error has any remedy remaining, is not now before the court to be determined.

We find no prejudicial error, and therefore the judgment is affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.